**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIUS SHEPHERD,

      Petitioner,                Civil No. 05-74208-DT
                                    HONORABLE DENISE PAGE HOOD
v.                             UNITED STATES DISTRICT JUDGE

JAN TROMBLY,

      Respondent,

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Demetrius Shepherd, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on two counts of second degree murder, M.C.L.A. 750.317; and one count of felony-firearm. M.C.L.A. 750.227b. Petitioner has previously filed a petition for a writ of habeas corpus challenging these convictions. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Shepherd v. Bock,* U.S.D.C. 00-CV-10188-BC (E.D. Mich. April 11, 2001)(Lawson, J.); *appeal dism.* U.S.C.A. 01-1709 (6th Cir. August 14, 2001). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

1

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing  the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1).  The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's

one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003). Judge Lawson's dismissal of petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of petitioner's prior habeas application, for the purpose of § 2244(b).

The current application is therefore a second or successive petition for habeas relief. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the

3

Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III. <u>Conclusion</u>

Petitioner has not obtained the  appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

<u>   /s/ Denise Page Hood          </u>
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon Demetrius Shepherd, Reg. No. 213180, Mound Correctional Facility, 17601 Mound Rd., Detroit, Michigan 48212 on November 30, 2005, by electronic and/or ordinary mail.

<u>s/William F. Lewis                              </u>
Case Manager